**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Lee Anthony Eisenhour,<br><br>    Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>    Respondent. | No. CV-23-00252-TUC-JCH (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Jimmy Eisenhour, a federal prisoner, claims that the Federal Bureau of Prisons (BOP) has wrongly deprived him of good conduct time and, as a result, wrongly calculated his projected release date. He therefore seeks habeas relief under 28 U.S.C. § 2241. The Court will recommend that his claim be denied as without merit.[1]

**Discussion**

A federal inmate will receive up to 54 days of good conduct time for each year of his sentence. 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.20(b)(1). In calculating an inmate's projected release date, the BOP will include all good conduct time available, including time not yet earned. 28 C.F.R. § 523.20(b)(1). Thus, if an inmate starts a ten-year sentence on

---

[1] Respondent contends, as a threshold matter, that the petition should be dismissed because Petitioner did not exhaust his administrative remedies. The parties have submitted dueling declarations on this issue. Petitioner and his cellmate say that there is only one BOP staff member who can provide inmates with the exhaustion forms, and that that staff member refused to give the forms to Petitioner. The staff member in question denies that he refused to give the forms to Petitioner and asserts that Petitioner could have asked at least three other people for the forms. The exhaustion requirement is prudential rather than jurisdictional, *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citation omitted), and Petitioner's claim lacks merit in any event, so the Court finds it unnecessary to resolve this factual dispute.

January 2, 2024, his projected release date will not be January 1, 2034; it will be July 10, 2032—ten years minus 540 days of good conduct time later.

"The projected release date is subject to change during the inmate's incarceration." 28 C.F.R. § 523.20(b)(1). Relevant here, an inmate will lose good conduct time, thus pushing out his projected release date, if he violates prison rules. *Id.* § 541.4(b). An inmate can lose a maximum of 54 days of good conduct time per year. *Id.* This is not a calendar year (i.e., January 1 to December 31). Rather, the first year begins on the date that the inmate's sentence was imposed (with credit for all time served). *Id.* § 523.20(b)(3). Subsequent years begin on the "anniversary date" of when the sentence was imposed. *Id.* So, if an inmate begins his sentence on February 2, the good conduct time period will run from February 2 to February 1 of the next year, for every year of the inmate's sentence.

In this case, the record shows that the BOP has calculated Petitioner's sentence correctly. In June 2017, Petitioner was sentenced to a 13-year term of imprisonment, with credit for time served since November 16, 2016. (Doc. 8-1 at 10, 13–14.) At the start of his sentence, Petitioner was eligible to receive 702 days of good conduct time (54 possible days per year * 13 years). The record shows that, over the first seven years of his sentence, Petitioner lost 212 of those days due to violations of prison rules: he lost 27 days in the first year (November 16, 2016, to November 15, 2017); 41 days in the second (2017–2018); 41 days in the third (2018–2019); 41 days in the fourth (2019–2020); 14 days in the fifth (2020–2021); 14 days in the sixth (2021–2022); and 34 days in the seventh (2022–2023). (Doc. 8-1 at 5, 20.) Petitioner did not lose more than 54 days in any one year. (*Id.*)

Petitioner still has 490 days of good conduct time that he either has earned or can earn in the future (702 possible days – 212 forfeited days). The record shows that those days have been factored into his projected release date. His full 13-year term would end on November 15, 2029. That date minus 490 days comes out to July 13, 2028, which is the projected release date reflected in the BOP's records. (Doc. 8-1 at 20.) As such, there is no merit to Petitioner's claim that the BOP has taken more than 54 days of good conduct time per year and taken time from future years. (Doc. 1 at 5–6.)

**Conclusion**

The Court **recommends** that Petitioner Jimmy Eisenhour's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be **denied**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies to objections absent the district court's permission. The failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Clerk of Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-23-00252-TUC-JCH**.

Dated this 19th day of January, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge